fIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY WALKER, | : | |
|     Plaintiff | : | No. 1:22-cv-00965 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| KATHY BRITTAIN, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

Pro se Plaintiff Terry Walker ("Plaintiff"), who is presently incarcerated at State Correctional Institution Frackville in Frackville, Pennsylvania ("SCI Frackville"), has commenced the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983, claiming that Defendants have violated his constitutional rights while incarcerated there. In accordance with the Prison Litigation Reform Act,[1] the Court has conducted an initial review of Plaintiff's complaint. For the reasons set forth below, the Court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. However, the Court will grant Plaintiff leave to file an amended complaint.

**I.     BACKGROUND**

On June 16, 2022, Plaintiff filed his complaint against the following three (3) individuals all of whom appear to be employed by the Pennsylvania Department of Corrections and work at SCI Frackville: Superintendent Kathy Brittain ("Brittain"); Unit Manager Jill Marhelko ("Marhelko"); and Head of Security Donald Newberry ("Newberry"). (Doc. No. 1.) On that same date, Plaintiff also filed a motion for leave to proceed in forma pauperis, as well as his

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

prisoner trust fund account statement. (Doc. Nos. 2, 3.) The Court, having reviewed Plaintiff's motion and account statement, will grant him leave to proceed in forma pauperis and will deem his complaint filed.

In the complaint, Plaintiff asserts only one factual allegation against each of the Defendants. (Doc. No. 1 at 2-3.) Regarding Defendant Brittain, Plaintiff alleges that she "failed to protect [him] and [his] property when [his] cell started leaking and destroyed [his] property including legal, personal, and sentimental without remedy after [he] spoke with her and her deputy directly." (Id. at 2.) Regarding Defendant Marhelko, Plaintiff alleges that, "after upholding [Plaintiff's] grievance[,] [she] failed to remedy/administer any compensation for [his] losses." (Id. at 3.) Regarding Defendant Newberry, Plaintiff alleges that: "[he] is also responsible to remedy and administer any losses caused by the facility and ha[d] direct knowledge [of] [Plaintiff's] grievances." (Id.) As for relief, Plaintiff seeks monetary damages for the damage done to his property, for the mental and emotional injuries he suffered regarding such damage, for lost wages, and for being deprived "ACCESS TO THE COURT." (Id.)

II.  **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. See id. In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). To

avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."  See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se "is to be liberally construed."  See Estelle, 429 U.S. at 106. A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

### III.   DISCUSSION

Plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983, claiming that Defendants violated his constitutional rights while incarcerated at SCI Frackville.  (Doc. No. 1.)  Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See id.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the

Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

### A. Defendant Brittain

Plaintiff's complaint seems to allege that, with deliberate indifference, Defendant Brittain failed to protect both Plaintiff and his property when his cell started leaking, thus resulting in the destruction of his personal property.[2] (Doc. No. 1 at 2.) Plaintiff's complaint also seems to allege that he has not been provided with a remedy for this destruction, even though he spoke directly with Defendant Brittain and "her deputy." (Id.) Thus, although it is unclear, it appears that Plaintiff may be attempting to assert an Eighth Amendment failure-to-protect claim and a Fourteenth Amendment deprivation of property without procedural due process of law claim against Defendant Brittain. The Court will address each of these claims in turn.

#### 1. Eighth Amendment Failure-to-Protect Claim

"The Eighth Amendment, made applicable to the States through the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments.'" Glossip v. Gross, 576 U.S. 863, 876 (2015). In order "[t]o determine whether prison officials have violated the Eighth Amendment, [courts] apply a two-prong test: (1) the deprivation must be 'objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities'; and (2) the prison official must have been 'deliberate[ly]

---

[2] Plaintiff does not allege that he was physically harmed as a result of this incident. (Doc. No. 1.)

4

indifferen[t] to inmate health or safety.'" See Porter v. Pennsylvania Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

Regarding the first prong, life's necessities include food, clothing, shelter, medical care, and reasonable safety. See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 418 (3d Cir. 2000) (stating that "when the government takes a person into custody against his or her will, it assumes responsibility for satisfying basic human needs such as food, clothing, shelter, medical care, and reasonable safety" (citing DeShaney v. Winnebago Co. Dep't of Social Svcs., 489 U.S. 189, 199-200 (1989))); Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) (explaining that the Eighth Amendment imposes a duty upon prison officials "to ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to ensure that prison officials] take reasonable measures to guarantee the safety of the inmates" (citations and internal quotation marks omitted)).

Regarding the second prong, a prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety"—that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." See Farmer, 511 U.S. at 837. "The knowledge element of deliberate indifference is subjective, . . . meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 837-38)).

In the instant matter, however, Plaintiff's complaint does not contain any factual allegations that he faced an objectively serious risk of harm or that Defendant Brittain was subjectively aware of such a risk of harm. As a result, Plaintiff has not plausibly satisfied either

one of the two prongs that are necessary to state a violation of the Eighth Amendment. See Framer, 511 U.S. at 834 (providing, in the failure-to-protect context, that a prison official violates the Eighth Amendment when (1) the inmate "is incarcerated under conditions posing a substantial risk of serious harm[,]" and (2) the prison official acted with "deliberate indifference" to the inmate's health or safety). Thus, to the extent that Plaintiff's complaint can be construed as asserting an Eighth Amendment failure-to-protect claim against Defendant Brittain, this claim will be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

### 2. Fourteenth Amendment Procedural Due Process Claim

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law[.]" See U.S. Const. amend. XIV, § 1. In order to determine whether procedural due process requirements apply, the Court must first consider whether the "property" interest asserted is one that is protected by the Fourteenth Amendment. See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972) (stating that, in order "to determine whether due process requirements apply in the first place, [courts] must look not to the weight but to the nature of the interest at stake[,]" and thus, courts "must look to see if the interest is within the Fourteenth Amendment's protection of liberty and property" (internal citation and quotation marks omitted)). The nature of the interest asserted here is that a prison official deprived Plaintiff of the personal property in his cell.

It is well-established, however, that the negligent deprivation of property by a state official does not give rise to a cognizable due process claim. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (providing that the negligent acts of state officials causing unintentional loss of or injury to life, liberty, or property do not violate the Due Process Clause of the Fourteenth

Amendment); Allen v. Cooper, 140 S. Ct. 994, 1004 (2020) (stating that "a merely negligent act does not 'deprive' a person of property" within the meaning of the Due Process Clause (citing Daniels, 474 U.S. at 328); Johnson v. City of Philadelphia, 975 F.3d 394, 402 (3d Cir. 2020) (stating that "'the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property'" (quoting Daniels, 474 U.S. at 328) (emphasis in original)).

It is further established that the intentional deprivation of property by state officials also does not give rise to a cognizable due process claim if the plaintiff has an adequate post-deprivation remedy available under state law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (providing that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available"); Allen, 140 S. Ct. at 1004 (explaining that a deprivation of property "must be intentional, or at least reckless, to come within the reach of the Due Process Clause[,]" and that "[a] State cannot violate that Clause unless it fails to offer an adequate remedy for [a deprivation], because such a remedy itself satisfies the demand of 'due process'" (citation and internal citation omitted)).

With respect to post-deprivation remedies in the prisoner context, the United States Court of Appeals for the Third Circuit has held that the DOC's grievance system constitutes an adequate post-deprivation remedy. See, e.g., Monroe v. Beard, 536 F.3d 198, 209-10 (3d Cir. 2008) (finding that prison official-defendants who had confiscated legal materials belonging to the prisoner-plaintiffs did not violate the Due Process Clause, in part, because the DOC's grievance procedure provided an adequate post-deprivation remedy); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (finding that the prisoner-plaintiff had an

7

adequate post-deprivation remedy in the county correctional facility's grievance program, thereby satisfying due process).

In addition to the DOC's grievance system providing an adequate post-deprivation remedy, it has also been held that Pennsylvania tort law provides an adequate remedy for prison officials' unlawful deprivation of inmate property. See 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3) (waiving sovereign immunity for negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties . . ."); Mayo v. Hollibaugh, No. 18-cv-1492, 2020 WL 1467257, at *6 (M.D. Pa. Mar. 26, 2020) (explaining that even if the prison's grievance procedures "were constitutionally inadequate, [the prisoner-plaintiff] could take advantage of state tort law which may serve as an adequate post-deprivation remedy" (citing 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3))); Hernandez v. Corr. Emergency Response Team, 771 F. App'x 143, 145 (3d Cir. 2019) (unpublished)[3] (explaining that "[e]ven if the prison grievance procedures could be considered constitutionally inadequate, Pennsylvania's state tort law would [still] provide an adequate remedy" (citing 42 Pa. Cons. Stat. Ann. § 8522(b)(3))).

Applying these principles here, the Court finds that, to the extent Plaintiff's complaint can be construed as alleging that Defendant Brittain negligently deprived him of his property, Plaintiff's allegations do not give rise to a cognizable Fourteenth Amendment due process claim. See Daniels, 474 U.S. at 328; Allen, 140 S. Ct. at 1004; Johnson, 975 F.3d at 402.  Additionally,

---

[3] Throughout its discussion, the Court has cited to a few non-precedential opinions ("NPOs") from the Third Circuit Court of Appeals.  The Third Circuit has acknowledged that its NPOs may contain persuasive reasoning or factual similarity and, thus, may be referred to as a paradigm of legal analysis.  See New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld, 604 F.3d 816, 823 (3d Cir. 2010) (noting that an NPO is "as persuasive as its reasoning"); Drinker by Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996) (following an NOP based on "factual similarity" and "look[ing] to the [NPO] as a paradigm of the legal analysis").

the Court finds that, to the extent Plaintiff's complaint can also be construed as alleging that Defendant Brittain intentionally deprived him of his property, Plaintiff's allegations do not give rise to a cognizable due process claim because Plaintiff acknowledges that he filed a grievance at SCI Frackville (Doc. No. 1 at 2, 3) and thus had an adequate post-deprivation remedy available to him. See Hudson, 468 U.S. at 533; Monroe, 536 F.3d at 209-10; Tillman, 221 F.3d at 422. While Plaintiff may not have been satisfied with the outcome of his grievance (Doc. No. 1 at 2-3 (claiming that, even though his grievance was upheld, he was not provided with a remedy or any compensation)), the Court notes that he still had the option to pursue additional remedies available under state law. See 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3); Hernandez, 771 F. App'x at 145. Thus, to the extent that Plaintiff's complaint can be construed as asserting a claim under the Fourteenth Amendment for deprivation of property without procedural due process of law, his claim must be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

      **B.**    **Defendants Marhelko and Newberry**

Plaintiff's complaint asserts similar allegations against Defendants Marhelko and Newberry. With respect to Defendant Marhelko, Plaintiff alleges that, after she upheld his grievance, he was not provided with either a remedy or any compensation. (Doc. No. 1 at 3.) With respect to Defendant Newberry, Plaintiff alleges that he had direct knowledge of Plaintiff's grievance and that he was responsible for remedying any losses caused by the facility. (Id.)

In order for liability to attach under 42 U.S.C. § 1983, a plaintiff must sufficiently allege that each defendant was personally involved in the act or acts that the plaintiff claims violated his federally protected rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the

9

defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)). Thus, in pursuing any Section 1983 claim against prison officials, a plaintiff may not rely exclusively on respondeat superior, see id. (citation omitted), which is a theory of liability that "arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[,]" see Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

Generally speaking, the mere filing of a grievance is insufficient to impute the actual knowledge that is necessary to demonstrate a defendant's personal involvement in a constitutional violation. See Rode, 845 F.2d at 1207-08 (finding that the mere filing of a grievance with defendant's office was insufficient to demonstrate that defendant had personal knowledge of the alleged wrongdoing). Under some circumstances, however, a grievance may be sufficient to place a defendant on notice of continued wrongdoing and, thus, may show actual knowledge of and acquiescence in the events that form the basis of the plaintiff's asserted constitutional claims. See, e.g., Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003), as amended (May 29, 2003) (finding that prisoner-plaintiffs had established the personal involvement of a defendant who had played an "active role" in the continued denial of plaintiffs having access to religious texts and basing this finding, in part, on the fact that the defendant had issued a written response denying a final-grievance-appeal letter from one of the plaintiffs, which requested access to such religious texts); Diaz v. Palakovich, 448 F. App'x 211, 215 (3d Cir.

2011) (unpublished) (vacating district court's grant of summary judgment where the district court had failed to consider grievances pertaining to a pattern of ongoing wrongful conduct, and explaining that a reasonable factfinder could find that (a) the defendants had knowledge of such wrongful conduct through the prisoner's grievances and (b) had acquiesced in such conduct by failing to address the ongoing pattern of wrongful conduct).

Under other circumstances, however, a grievance concerning events that occurred in the past and that have come to a conclusion may not be adequate to raise a reasonable inference that a defendant had knowledge of and acquiesced in the events that form the basis of the prisoner's asserted constitutional claims. See, e.g., Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) (unpublished) (stating that "a prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right" (citing Rode, 845 F.2d at 1207-08)); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (unpublished) (finding that a prisoner-plaintiff's allegation that prison officials and administrators had responded improperly to his "later-filed grievances" did not establish that those officials and administrators were personally involved in the allegedly inadequate medical treatment that was provided to the plaintiff following his injury).

In the instant matter, Plaintiff's complaint does not allege that either Defendant Marhelko or Defendant Newberry were personally involved in the destruction of his property. (Doc. No. 1.) Rather, Plaintiff's complaint only alleges that Defendants Marhelko and Newberry reviewed Plaintiff's grievance after the destruction to his property had already occurred. (Id. at 3.) As discussed above, however, such an after-the-fact review of a grievance under these types of

circumstances is insufficient to establish personal involvement under 42 U.S.C. § 1983.[4]  Thus, because Plaintiff's complaint has not made this requisite showing, the Court finds that Plaintiff has not plausibly stated a § 1983 claim against these Defendants.  The Court will, therefore, dismiss the claims against Defendants Marhelko and Newberry for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

### C.  Access-to-Courts Claim Against All Defendants

In the complaint, Plaintiff requests monetary damages for, among other things, "'ACCESS TO THE COURT[S.]'"  (Doc. No. 1 at 3.)  Generally speaking, "[t]he right of access to the courts is sourced from both the First and Fourteenth Amendments, and is typically framed as a due process right in the inmate context, but in other contexts as an aspect of the First Amendment right to petition the Government for redress of grievances[.]"  See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 295 (3d Cir. 2018) (citation and internal citations and quotation marks omitted).  To the extent that Plaintiff's complaint can be construed as bringing an access-to-courts claim based upon the alleged destruction of his legal documents, the Court finds that such a claim fails.

---

[4]  To the extent that Plaintiff alleges that Defendants Marhelko and Newberry did not provide him with a "remedy" or any "compensation" for the destruction of his property through the prison's grievance system (Doc. No. 1 at 3), the Court notes that such allegations do not "present the denial of a federal right."  See, e.g., Bowens v. Matthews, 765 F. App'x 640, 644 (3d Cir. 2019) (unpublished) (finding that, to the extent the prisoner-plaintiff had claimed that his grievances were wrongfully denied, plaintiff had not alleged the denial of a federal right (citations omitted)); Meekins v. DOC's Graterford, 745 F. App'x 443, 444 (3d Cir. 2018) (unpublished) (affirming district court's judgment where prisoner-plaintiff had claimed, among other things, that his "grievances were wrongfully denied[,]" and concluding that such a claim only "amounts to a dissatisfaction with the outcome of the grievance process . . ." (citations omitted)).

The United States Supreme Court has explained that, regardless of whether a plaintiff's access-to-courts claim turns on a litigation opportunity already lost or an opportunity yet to be litigated, "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." See Christopher v. Harbury, 536 U.S. 403, 414-15 (2002).  In fact, the United Supreme Court's "cases rest on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." See id. at 415.  Thus, in pursuing an access-to-courts claim, a plaintiff must point to an actual injury by "identify[ing] a nonfrivolous, arguable underlying claim" that is lost or that is being obstructed by the asserted denial of access to the courts.  See id. (internal citation and quotation marks omitted).  A plaintiff must also point to "a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."  See id.

In the instant matter, the Court finds that Plaintiff's complaint does not sufficiently allege: any underlying cause of action, whether anticipated or lost; any conduct on the part of Defendants that impeded such cause of action; any injury suffered by Plaintiff as a result of Defendants' conduct; or any remedy that could be awarded as recompense but not otherwise available in some suit that may yet be brought.  See id. at 415-16 (explaining that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant" (citing omitted)); Monroe, 536 F.3d at 205-06 (explaining that when a prisoner asserts an access-to-court claim, his "complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy'" in such a way that defendants are on fair notice of it (quoting Christopher, 536 U.S. at 416-17)).  Accordingly,

because Plaintiff's complaint has failed to make this showing, the Court will dismiss Plaintiff's access-to-courts claim against all Defendants for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C.§ 1915(e)(2).

### D. Leave to Amend

The only remaining issue is, therefore, whether Plaintiff should be granted leave to amend his complaint. Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]" See id. The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend would be futile and, thus, the Court will grant Plaintiff leave to file an amended complaint in order to attempt to cure the deficiencies identified above. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended

complaint shall set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, Plaintiff is cautioned that neither conclusory allegations nor broad allegations will set forth a cognizable claim.

However, with respect to Plaintiff's Fourteenth Amendment claim regarding the deprivation of his property without due process of the law, the Court finds that granting Plaintiff any further leave to amend this claim would be futile. Accordingly, Plaintiff's Fourteenth Amendment claim against Defendant Brittain will be dismissed from this action with prejudice.

**IV.   CONCLUSION**

To conclude, the Court will dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). The Court will also grant Plaintiff leave to file an amended complaint. An appropriate Order follows.