fIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY WALKER, | : | |
| **Plaintiff** | : | **No. 1:22-cv-00965** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| KATHY BRITTAIN, <u>et al.</u>, | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

<u>Pro se</u> Plaintiff Terry Walker ("Plaintiff"), who is currently incarcerated at State

Correctional Institution Frackville in Frackville, Pennsylvania ("SCI Frackville"), commenced

the above-captioned action by filing an original complaint pursuant to 42 U.S.C. § 1983,

claiming that Defendants violated his constitutional rights while incarcerated there.  In

accordance with the Prison Litigation Reform Act,[1] the Court conducted an initial review of

Plaintiff's original complaint and found that it failed to state a claim upon which relief could be

granted.  Thus, the Court dismissed Plaintiff's original complaint, but without prejudice to him

filing an amended complaint.  Plaintiff has now filed his amended complaint.  For the reasons set

forth below, the Court will dismiss his amended complaint and deny him any further leave to

amend his pleadings.

**I.      BACKGROUND**

      **A.      Plaintiff's Original Complaint**

On June 16, 2022, Plaintiff filed his original complaint against the following three (3)

individuals, all of whom appear to be employed by the Pennsylvania Department of Corrections

---

[1]  <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

("DOC") and work at SCI Frackville: Superintendent Kathy Brittain ("Brittain"); Unit Manager

Jill Marhelko ("Marhelko"); and Head of Security Donald Newberry ("Newberry").  (Doc. No.

1.)  On that same date, Plaintiff also filed a motion for leave to proceed in forma pauperis, as

well as his prisoner trust fund account statement.  (Doc. Nos. 2, 3.)  The Court, after reviewing

Plaintiff's motion and trust fund account statement, granted him leave to proceed in forma

pauperis and deemed his complaint filed.  (Doc. Nos. 5, 6.)

In the original complaint, Plaintiff asserted only one factual allegation against each of the

Defendants.  (Doc. No. 1 at 2-3.)  Regarding Defendant Brittain, Plaintiff alleged that she "failed

to protect [him] and [his] property when [his] cell started leaking and destroyed [his] property

including legal, personal, and sentimental without remedy after [he] spoke with her and her

deputy directly."  (Id. at 2.)  Regarding Defendant Marhelko, Plaintiff alleged that, "after

upholding [Plaintiff's] grievance[,] [she] failed to remedy/administer any compensation for [his]

losses."  (Id. at 3.)  Regarding Defendant Newberry, Plaintiff alleged that: "[he] is also

responsible to remedy and administer any losses caused by the facility and ha[d] direct

knowledge [of] [Plaintiff's] grievances."  (Id.)  As for relief, Plaintiff sought monetary damages

for the destruction to his property, for the mental and emotional injuries he suffered regarding

such destruction, for lost wages, and for being deprived "ACCESS TO THE COURT."  (Id.)

On July 26, 2022, the Court dismissed Plaintiff's original complaint for failure to state a

claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2).  (Doc. Nos. 5, 6.)

More specifically, the Court dismissed, with prejudice, Plaintiff's Fourteenth Amendment

procedural due process claim against Defendant Brittain based upon allegations that she had

deprived him of the personal property in his cell.  (Id.)  The Court also dismissed, but without

prejudice, the following claims: Plaintiff's Eighth Amendment failure-to-protect claim against

Defendant Brittain; Plaintiff's access-to-courts claim against all of the Defendants; and

Plaintiff's claims concerning Defendants Marhelko and Newberry's review of and response to

his grievance.  (Id.)   In addition, the Court granted Plaintiff leave to file an amended complaint

within thirty (30) days.  (Id.)

### B.      Plaintiff's Amended Complaint

On August 25, 2022, Plaintiff filed his amended complaint.  (Doc. No. 7.)  He once again

names Defendants Brittain and Newberry.  (Id. ¶¶ 12-14.)  He explains that Defendant Brittain,

as the Superintendent of SCI Frackville, is responsible for operating, managing, and controlling

the prison, as well as establishing, maintaining, and enforcing the customs, practices, and

policies of the DOC.  (Id. ¶¶ 12-13.)  He also explains that Defendant Newberry, as the Security

Lieutenant of SCI Frackville, is the decisionmaker as to the operations within the prison and is

also responsible for establishing, maintaining, and enforcing the customs, security practices, and

policies of the DOC.  (Id. ¶ 14.)  Plaintiff has sued both of these Defendants in their individual

and official capacities.  (Id. ¶¶ 13, 14.)

Plaintiff alleges that, on February 22, 2022, while he was housed on "AA block 34 cell"

at SCI Frackville, the ceiling began to leak, which he believed to be caused by ice and snow on

the prison's roof.  (Id. ¶ 1.)  He alleges that "staff" was notified about this condition and the

unsafe environment that it had created for him.  (Id. ¶ 2.)  He asserts, however, that staff did not

make the "repairs" that were "needed to uphold the structur[al] integrity of the prison[.]"  (Id. ¶

18.)  As a result of this asserted failure, he alleges that the property in his cell was "completely

destroyed[.]"  (Id. ¶ 3 (averring, more specifically, that the following items were destroyed: two

(2) boxes of legal materials, which were "prevalent to [his] freedom;" brand new commissary

items; and a television).)  He also alleges that he filed a grievance about the destruction of his

property, seeking a loaner television. (Id. ¶ 4.)  Two days later, on February 24, 2022,

Marhelko, who is not named as a defendant in Plaintiff's amended complaint, granted Plaintiff's

grievance, "indicating that Plaintiff would receive recompence for the destruction of [his]

property."[2]  (Id. ¶ 5.)  Plaintiff asserts, however, that "the prison has yet to fulfill its

obligation[.]"  (Id. ¶ 6.)

In connection with all of these allegations, Plaintiff claims that he suffered a denial of his

procedural and substantive due process rights under the Fifth Amendment to the United States

Constitution.  (Id. ¶ 24; id. ¶ 25 (averring that there was "no need or justification" for Defendants

Brittain and Newberry to exhibit "such negligent indifference" to his due process rights); id. ¶ 26

(averring that Defendants Brittain and Newberry were also "intentionally deliberate[ly]

indifferent" with respect to their conduct).)  Plaintiff further claims that, in addition to the

destruction to his property and the deprivation of his constitutional rights under the Fifth

Amendment, he has also suffered, and continues to suffer, "great emotional distress" and "mental

anguish[.]"  (Id.)  As for relief, he seeks compensatory and punitive damages, as well as

declaratory and injunctive relief.  (Id. at 6.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in

civil actions where a litigant is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  If the

complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief, then the district court

---

[2]  Plaintiff notes that Marhelko was "erroneously attached" as a defendant to the original
complaint. (Doc. No. 7 at 3 n.2.) Plaintiff also acknowledges that she "did all that she could do
with respect to ameliorating the issue[,] including, moving Plaintiff to another cell to avoid any
further damages or possible injuries." (Id. at ¶ 17.)

must dismiss the complaint.  See id.  In dismissing claims under § 1915(e)(2), district courts

apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  To

avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to

show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all

factual allegations in the complaint as true, construe the complaint in the light favorable to the

plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any

reasonable reading of the complaint."  See Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir.

2010); Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept

as true all factual allegations in the complaint and draw all inferences from the facts alleged in

the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of pro se prisoner litigation, a district court must be

mindful that a document filed pro se "is to be liberally construed."  See Estelle, 429 U.S. at 106.

A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers[.]"  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation

and internal quotation marks omitted).

## III.    DISCUSSION

Plaintiff has filed an amended complaint pursuant to the provisions of 42 U.S.C. § 1983

("Section 1983"), which provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

See id.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."  See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."  See id. (citation omitted).

### A.      Fifth Amendment

Plaintiff's amended complaint asserts a violation of the Fifth Amendment to the United States Constitution based upon allegations that Defendants Brittain and Newberry deprived him of his personal property when they failed to make the necessary repairs at SCI Frackville to fix the leak in his cell.  (Doc. No. 7.)  The Court finds that this claim fails as matter of law because the Due Process Clause of the Fifth Amendment is inapplicable to state officials, such as Defendants Brittain and Newberry.

The Fifth Amendment provides, in pertinent part, that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]"  See U.S. Const. amend. V  The provisions of the Fifth Amendment only concern, however, federal action, not state or private action.  See, e.g., Dusenbery v. United States, 534 U.S. 161, 167 (2002) (stating that "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law'"); Nguyen v. U.S. Cath. Conf., 719 F.2d 52, 54 (3d Cir. 1983) (stating that "[t]he limitations of the [F]ifth [A]mendment restrict only federal governmental action and not the actions of private entities" (citing Public Utilities Commission v. Pollak, 343 U.S. 451, 461 (1952)); Nemeth v. Off. of Clerk of Superior Ct. of New Jersey, 837 F. App'x 924, 929 n.5 (3d

Cir. 2020) (unpublished) (noting that the district court had properly concluded that, because all

of the named defendants were state and private officials and entities, the plaintiff could not

pursue a Fifth Amendment claim against any of them because the Fifth Amendment's due

process clause only "protects against federal governmental actions, not state actions").[3]

Here, Defendants Brittain and Newberry are employees of the DOC who work at SCI

Frackville.  (Doc. No. 7.)  They are, therefore, state employees, not federal employees.  Thus, the

Court finds that Plaintiff's Fifth Amendment claim fails to state a claim upon which relief can be

granted pursuant to 28 U.S.C. § 1915(e)(2).  As such, the Court will dismiss Plaintiff's Fifth

Amendment claim from this action.

**B.     Fourteenth Amendment**

Even when the Court construes Plaintiff's Fifth Amendment due process claim as one

brought under the Fourteenth Amendment, however, the Court still finds that it fails to state a

claim upon which relief can be granted.  As set forth in the Court's prior Memorandum

addressing Plaintiff's original complaint, the Court stated as follows:

> The Fourteenth Amendment provides that no state shall "deprive any person of
> life, liberty, or property, without due process of law[.]"  See U.S. Const. amend.
> XIV, § 1.  In order to determine whether procedural due process requirements
> apply, the Court must first consider whether the "property" interest asserted is
> one that is protected by the Fourteenth Amendment.  See Bd. of Regents of State
> Colleges v. Roth, 408 U.S. 564, 571 (1972) (stating that, in order "to determine
> whether due process requirements apply in the first place, [courts] must look not
> to the weight but to the nature of the interest at stake[,]" and thus, courts "must

---

[3]  In this section, the Court has cited to Nemeth, a non-precedential opinion ("NPO") from the
United States Court of Appeals for the Third Circuit.  The Court notes that this NPO contains
persuasive reasoning and, thus, has been used as a paradigm of legal analysis for this decision.
See New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld, 604 F.3d 816, 823 (3d Cir. 2010)
(observing that an NPO "is only as persuasive as its reasoning"); Drinker v. Colonial Sch. Dist.,
78 F.3d 859, 864 n.12 (3d Cir. 1996) (looking to a factually similar NPO "as a paradigm of the
legal analysis").

look to see if the interest is within the Fourteenth Amendment's protection of liberty and property" (internal citation and quotation marks omitted)). The nature of the interest asserted here is that a prison official deprived Plaintiff of the personal property in his cell.

It is well-established, however, that the negligent deprivation of property by a state official does not give rise to a cognizable due process claim. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (providing that the negligent acts of state officials causing unintentional loss of or injury to life, liberty, or property do not violate the Due Process Clause of the Fourteenth Amendment); Allen v. Cooper, 140 S. Ct. 994, 1004 (2020) (stating that "a merely negligent act does not 'deprive' a person of property" within the meaning of the Due Process Clause (citing Daniels, 474 U.S. at 328); Johnson v. City of Philadelphia, 975 F.3d 394, 402 (3d Cir. 2020) (stating that "'the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property'" (quoting Daniels, 474 U.S. at 328) (emphasis in original)).

It is further established that the intentional deprivation of property by state officials also does not give rise to a cognizable due process claim if the plaintiff has an adequate post-deprivation remedy available under state law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (providing that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available"); Allen, 140 S. Ct. at 1004 (explaining that a deprivation of property "must be intentional, or at least reckless, to come within the reach of the Due Process Clause[,]" and that "[a] State cannot violate that Clause unless it fails to offer an adequate remedy for [a deprivation], because such a remedy itself satisfies the demand of 'due process'" (citation and internal citation omitted)).

With respect to post-deprivation remedies in the prisoner context, the United States Court of Appeals for the Third Circuit has held that the DOC's grievance system constitutes an adequate post-deprivation remedy. See, e.g., Monroe v. Beard, 536 F.3d 198, 209-10 (3d Cir. 2008) (finding that prison official-defendants who had confiscated legal materials belonging to the prisoner-plaintiffs did not violate the Due Process Clause, in part, because the DOC's grievance procedure provided an adequate post-deprivation remedy); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (finding that the prisoner-plaintiff had an adequate post-deprivation remedy in the county correctional facility's grievance program, thereby satisfying due process).

In addition to the DOC's grievance system providing an adequate post-deprivation remedy, it has also been held that Pennsylvania tort law provides an adequate remedy for prison officials' unlawful deprivation of inmate property. See 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3) (waiving sovereign immunity for

negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties . . ."); Mayo v. Hollibaugh, No. 18-cv-1492, 2020 WL 1467257, at *6 (M.D. Pa. Mar. 26, 2020) (explaining that even if the prison's grievance procedures "were constitutionally inadequate, [the prisoner-plaintiff] could take advantage of state tort law which may serve as an adequate post-deprivation remedy" (citing 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3))); Hernandez v. Corr. Emergency Response Team, 771 F. App'x 143, 145 (3d Cir. 2019) (unpublished) (explaining that "[e]ven if the prison grievance procedures could be considered constitutionally inadequate, Pennsylvania's state tort law would [still] provide an adequate remedy" (citing 42 Pa. Cons. Stat. Ann. § 8522(b)(3))).

Applying these principles here, the Court finds that, to the extent Plaintiff's complaint can be construed as alleging that Defendant Brittain negligently deprived him of his property, Plaintiff's allegations do not give rise to a cognizable Fourteenth Amendment due process claim. See Daniels, 474 U.S. at 328; Allen, 140 S. Ct. at 1004; Johnson, 975 F.3d at 402. Additionally, the Court finds that, to the extent Plaintiff's complaint can also be construed as alleging that Defendant Brittain intentionally deprived him of his property, Plaintiff's allegations do not give rise to a cognizable due process claim because Plaintiff acknowledges that he filed a grievance at SCI Frackville (Doc. No. 1 at 2, 3) and thus had an adequate post-deprivation remedy available to him. See Hudson, 468 U.S. at 533; Monroe, 536 F.3d at 209-10; Tillman, 221 F.3d at 422. While Plaintiff may not have been satisfied with the outcome of his grievance (Doc. No. 1 at 2-3 (claiming that, even though his grievance was upheld, he was not provided with a remedy or any compensation)), the Court notes that he still had the option to pursue additional remedies available under state law. See 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3); Hernandez, 771 F. App'x at 145. Thus, to the extent that Plaintiff's complaint can be construed as asserting a claim under the Fourteenth Amendment for deprivation of property without procedural due process of law, his claim must be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

(Doc. No. 5 at 6-8 (footnote omitted).) Based upon this analysis, the Court dismissed Plaintiff's

Fourteenth Amendment claim against Defendant Brittain with prejudice.

For the same reasons discussed in the Court's prior Memorandum, concerning Plaintiff's

Fourteenth Amendment claim against Defendant Brittain, the Court concludes that Plaintiff has

also failed to state a cognizable Fourteenth Amendment claim against Defendant Newberry.

More specifically, to the extent that Plaintiff's amended complaint can be construed as alleging

that Defendant Newberry negligently deprived him of his property, the Court finds that his

9

allegations do not give rise to a Fourteenth Amendment due process claim.  See Daniels, 474

U.S. at 328; Allen, 140 S. Ct. at 1004; Johnson, 975 F.3d at 402.  Similarly, to the extent that

Plaintiff's amended complaint can be construed as alleging that Defendant Newberry

intentionally deprived Plaintiff of his property, the Court finds that his allegations again do not

give rise to a Fourteenth Amendment due process claim because Plaintiff himself acknowledges

that he filed a grievance at SCI Frackville (Doc. No. 1 at 2, 3) and thus had an adequate post-

deprivation remedy available to him.  See Hudson, 468 U.S. at 533; Monroe, 536 F.3d at 209-10;

Tillman, 221 F.3d at 422.  While Plaintiff may not have been satisfied with the outcome of his

grievance (Doc. No. 7 ¶ 7 (asserting that, although his grievance was granted by Marhelko,

Defendants Brittain and Newberry have "yet to fulfill [their] obligation to compensate [him]")),

the Court notes that Plaintiff still had the option to pursue additional remedies available under

state law.  See 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3); Hernandez, 771 F. App'x at 145.

Accordingly, to the extent that Plaintiff's amended complaint can be construed as asserting

a claim against Defendant Newberry under the Fourteenth Amendment for the alleged deprivation

of his property without procedural due process of law, the Court concludes that Plaintiff's claim

fails to state a claim upon which relief can be granted.  As such, it will be dismissed from this

action pursuant to 28 U.S.C. § 1915(e)(2).[4]

---

[4]  Although the Court construes Plaintiff's amended complaint as asserting a violation of the
Fourteenth Amendment based upon the alleged deprivation of his property without due process
of law, the Court does not construe Plaintiff's passing reference to a "denial of equal protection"
as asserting a violation of the Fourteenth Amendment. (Doc. No. 1 ¶ 24.) In any event, the
Equal Protection Clause of the Fourteenth Amendment provides that "no State . . . shall deny to
any person within its jurisdiction the equal protection of the laws[.]" See U.S. Const. amend.
XIV.  This is, "essentially[,] a direction that all persons similarly situated should be treated
alike." See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation
omitted).  Here, however, Plaintiff has set forth no facts whatsoever in either his original
complaint or amended complaint that would raise the inference that he was treated differently

### C.      Leave to Amend

The only remaining issue is whether Plaintiff should be granted leave to amend his amended complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  See id.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that it would be futile to grant Plaintiff further leave to amend his pleadings.  As discussed above, Plaintiff's Fifth Amendment claim fails to state a claim upon which relief can be granted because the Due Process Clause of the Fifth Amendment is inapplicable to state officials, such as Defendants Brittain and Newberry. Additionally, even when the Court construes Plaintiff's Fifth Amendment claim as one brought under the Fourteenth Amendment, the Court still finds that his claim fails to state a claim upon

---

from others who were similarly situated or that Defendants have otherwise denied him equal protection of the laws.

which relief can be granted because: (a) the negligent deprivation of property by state officials does not give rise to a cognizable due process claim; and (b) the intentional deprivation of property by state officials also does not give rise to a cognizable due process claim if the plaintiff has an adequate post-deprivation remedy available under state law.  And, here, Plaintiff's own pleadings acknowledge that he had such a remedy available to him.  Accordingly, granting Plaintiff any further leave to amend his pleadings would be futile because any future amendment could not correct the legal deficiencies discussed herein.

IV.    **CONCLUSION**

To conclude, the Court will dismiss Plaintiff's amended complaint (Doc. No. 7) for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff will not be afforded any further leave to amend his pleadings.  An appropriate Order follows.